James Eugene PIKE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20487.

United States Court of Appeals Fifth Circuit.

Feb. 7, 1964.

James Eugene Pike, pro se.

Joe H. Mount, Asst. U. S. Atty., Tampa, Fla., for appellee.

Before BROWN and WISDOM, Circuit Judges, and JOHNSON, District Judge.

PER CURIAM:

This is an appeal in forma pauperis, pursuant to leave granted by the District Court, 28 U.S.C.A. § 1915, from the denial of Appellant's motion to vacate sentence under 28 U.S.C.A. § 2255. Appellant inartfully but adequately asserted below that he was mentally incompetent at the time he entered his plea of guilty to a 1-count information charging interstate transportation of a stolen motor vehicle in violation of 18 U.S.C.A. § 2312. Recognizing the sufficiency of the petition, the District Court in response to the contention requested the Medical Center at Springfield, Missouri, where Appellant is confined, to furnish it with all classification material—and in particular psychiatric examinations—in order to determine whether or not Appellant was mentally competent at the time he entered his plea of guilty. Fortified with this information, which was not proved up by deposition or testimony subject to cross examination, and also the files and records in the case, the District Court without a hearing proceeded to determine that Appellant was competent. In a way the Judge seemed to treat it as though he was passing on the decision of the Director of the Bureau of the Prisons not to issue a certificate of probable cause under 18 U.S.C.A. § 4245. After study of the case, the United States has moved to remand the case to the District Court for a full hearing under 28 U.S.C.A. § 2255 to determine the competency of Appellant, citing Van De Bogart v. United States, 5 Cir., 1962, 305 F.2d 583 and Gregori v. United States, 5 Cir., 1957, 243 F.2d 48.

Under the circumstances of this case, we think the District Court erred in refusing the relief without an appropriate judicial hearing affording Appellant an opportunity to present evidence in support of his contention and to challenge by cross examination or otherwise evidence offered by the Government. The result is that we grant the suggestion of the United States to vacate the judgment and remand for a full hearing on the § 2255 motion. As in Van De Bogart, supra, we decline to blueprint exactly the hearing in the District Court. However, in cases of this sort resting on a claim of mental incompetency, it seems appropriate that Appellant be represented by appointed counsel. This will also facilitate the proper disposition of other matters, including the question of the necessity of Appellant's presence for the hearing under controlling principles. Machibroda v. United States, 1962, 368 U. S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473; Porter v. United States, 5 Cir., 1962, 298 F.2d 461; Adam v. Hagan, 5 Cir., 1963, 325 F.2d 719.

Vacated and remanded.