PER CURIAM.
Information was filed on January 12, 1949, charging Link Kennedy, Jr., with second degree murder. On the same day he was arraigned, entered a plea of guilty, and was sentenced to be confined in the Florida State Prison at hard labor for a period of twenty years. The petitioner was serving a sentence in the State Prison at the time and was charged with killing a fellow prisoner.
The petitioner filed a sworn request that the judgment of conviction be set aside upon grounds this court has held sufficient. King v. State, Fla.App.1963, 157 So.2d 440. The court denied the request of review without hearing reciting in its order that the petitioner had shown by his own motion and letters to the court that the testimony taken at his trial provided a prima facie case, and that even though he now denies guilt on the grounds of self defense, he affirmatively stated that he intelligently, freely and voluntarily pleaded guilty rather than be tried, because the witnesses and testimony would have been against him and that he intelligently pleaded guilty and put himself on the mercy of the court.
*246 To sustain summary denial of the of the motion under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, in this cause the files and records of the case must affirmatively show that the defendant was represented by counsel or that he could have been represented by court appointed counsel and that he competently and intelligently waived his right to counsel. The appealed order does not indicate that either of these factors appeared in the record and, accordingly, the order must be reversed and the cause remanded for further consideration.
In subsequent proceedings on the motion, the court should determine if, under the circumstances, the assistance of counsel is essential to accomplish a fair and thorough presentation of the petitioner’s claim. Any doubt in this regard should be resolved in favor of affording counsel to the petitioner. Beadles v. State, Fla.App.1964, 162 So. 2d 4.
Reversed and remanded for proceedings consistent herewith.
WHITE, Acting C. J., and ANDREWS and KANNER, (Ret.), JJ., concur.