PER CURIAM.
The time for filing of appellant’s brief on this appeal from a judgment of conviction and sentence for the crime of breaking and entering with intent to commit a misdemeanor has long since expired.
It appears that on May 4, 1962, appellant entered a plea of guilty to a similar charge involving the same factual background and that the resulting judgment and sentence was vacated pursuant to his motion under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. At the new trial resulting in this appeal he was represented by the public defender and he again entered a plea of guilty.
Appellant insists that his constitutional rights were violated on the second trial in that: 1. He was not charged by an indictment of a grand jury. 2. The sentence imposed is illegal because, according to his contention, he was not given proper credit for time served under the original invalid judgment. The first ground is rejected upon the authority of Koch v. Zuieback, 9 Cir., 316 F.2d 1. The second contention is rejected on the authority of Little v. Wainwright, 161 So.2d 213 (Fla.), in which it is held that where a sentence, imposed after the vacating of a void judgment *191 and sentence for the same offense, is such that when there is added thereto the time served and the gain time awarded under the void sentence it does not exceed the maximum sentence allowable by statute for the particular violation involved, the sentence is not illegal. The minutes of court on the second trial contain the following statement of the court in imposing sentence:
‘ Then let the record show that you having said nothing to preclude the sentence of the law, but having had said in your behalf by the Public Defender certain things which might be considered in mitigation, the Court does recognize these things. The court does recognize the report of good behavior credited to you during your confinement in the Department of Corrections. The court does recognize the period of time that you have already served and does take that into consideration in re-sentencing you. You were originally sentenced to five years. You have served approximately 19 months of that time and you have received credit for some period of good behavior. It is therefore further CONSIDERED, ORDERED AND ADJUDGED that you, James Thomas Davis, be imprisoned by confinement and committed to the custody of the Department of Corrections for a termof (sic) two years. This gives you credit for the time that you have been in and also gives you consideration for the good behavior that you are credited with according to the records of the State Prison.”
 On March 23, 1964, appellant filed in this appeal a pleading entitled “Affidavit for Writ of Habeas Corpus” which has many attributes of a brief. in support of the appeal and presents no matter that is not fairly encompassed by this appeal. Treating it as an application for the writ of habeas corpus, it must be and it is denied. However, since it was filed as part of the appeal papers and since appellant’s brief was long past due, we have given appellant the benefit of treating said pleading as a brief and appellee filed a brief in reply thereto. The appellant has filed a reply to-appellee’s brief in which he insists that the pleading filed March 23, 1964, is in fact a petition for the issuance by this court of a writ of habeas corpus. Whatever it was designed to be, this case is ripe for disposition.
A careful review of the record fails to-reveal error. The order appealed is therefore affirmed and the petition for writ of habeas corpus is denied.
STURGIS, C. J., and WIGGINTON and CARROLL, DONALD K, JL, concur.