169 So.2d 38 (1964)
Earl F. HOFFMAN, Appellant,
v.
STATE of Florida, Appellee.
No. F-509.
District Court of Appeal of Florida. First District.
November 17, 1964.
Rehearing Denied December 14, 1964.
*39 Earl Frank Hoffman, in pro. per.
James W. Kynes, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellee.
WIGGINTON, Judge.
Appellant was charged in an information filed in the Circuit Court of the Eighth Judicial Circuit of Florida with the offense of having in his possession a weapon while lawfully confined within the state prison. He was found guilty by a jury, adjudged guilty by the court, and sentenced to a term of imprisonment in the state penitentiary for a period of two years. It is from that judgment and sentence that this appeal is taken.
By his brief filed in the cause appellant levels a two-prong attack upon the validity of the judgment here reviewed. By his first point he contends that his constitutional right to due process of law was violated because of the state's failure to promptly grant him a preliminary hearing after his arrest and before his arraignment. This contention has been held to be wholly without merit. In Baugus v. State,[1] it was held that the procedure of hearing a case preliminarily under F.S. Chapter 902, F.S.A., is not a step in due process of law, nor is it a prerequisite to a criminal prosecution or the filing of an indictment. It serves only to determine whether or not probable cause exists to hold a person for trial, and a prosecution may be instituted and maintained regardless of such an investigation.
By his second point, appellant claims violation of his constitutional rights to due process of law for the reason that he was tried upon an information filed by the State Attorney, and not upon an indictment returned by a grand jury. Although indictment by a grand jury appears to be an essential prerequisite to a prosecution in the federal jurisdiction, such is not the case with respect to prosecutions in state courts. Such a contention was rejected by this Court in the case of Davis v. State.[2] In that case our holding was upon the authority of a decision rendered by the Ninth Circuit Court of Appeal of the United States in the case of Koch v. Zuieback.[3]
This appeal having been found to be without merit, the judgment appealed is affirmed.
CARROLL, DONALD K., Acting C.J., and RAWLS, J., concur.
NOTES
[1] Baugus et al. v. State (Fla. 1962), 141 So.2d 264, cert. den. 83 S.Ct. 153, 371 U.S. 879, 9 L.Ed.2d 117.
[2] Davis v. State (Fla.App. 1964), 166 So.2d 189.
[3] Koch v. Zuieback, 316 F.2d 1.