**Charles Cecil FORD, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 22905.

United States Court of Appeals
Fifth Circuit.

June 27, 1966.

H. M. Ray, U. S. Atty., Oxford, Miss., for appellee.

Before WISDOM and THORNBERRY, Circuit Judges, and COX,* District Judge.

**PER CURIAM:**

■ On March 23, 1962, Charles Cecil Ford was sentenced by the district court on a plea of guilty to serve eight years for violation of the Bank Robbery Statute appearing as 18 U.S.C.A. § 2113(a). On August 25, 1964, Ford filed a motion under 28 U.S.C.A. § 2255 to vacate the judgment on the ground that he was not guilty of this offense and that his plea was not voluntary but was induced by fear of a sentence under a state charge then pending in view of his criminal record. The Court dismissed the motion without a hearing and that judgment was reversed by this Court in Ford v. United States, 342 F.2d 994. Ford was subsequently brought before the Court for a full development of all of the facts and circumstances surrounding his plea of guilty to this charge. The trial court thus found from the evidence that the motion was without merit and dismissed it. Ford may not now re-litigate his guilt or innocence under this motion or have it serve as a substitute for a direct appeal in this case. Hornbrook v. United States of America, (5CA) 216 F.2d 112; Desmond v. United States of America, (1CA) 333 F.2d 378.

■ Next, Ford complains that the trial court erred in refusing to appoint an attorney to represent him on this 2255 motion. That question is committed solely to the sound discretion of the trial judge. He had no vested right under

---

* William Harold Cox, United States District Judge for the Southern District of Mississippi, sitting by designation.

the Sixth Amendment to the Constitution of the United States to appointed counsel in this proceeding. Juelich v. United States of America, (5CA) 342 F.2d 29; Ellis v. United States of America, (7CA) 313 F.2d 848; McCartney v. United States of America, (7CA) 311 F.2d 475; United States of America v. Keller, (3CA) 284 F.2d 800; Richardson v. United States of America, (10CA) 199 F.2d 333; Crowe v. United States, (4CA) 175 F.2d 799; Criminal Justice Act of 1964, 18 U.S.C. § 3006A.

There is no error in the judgment of the trial court in this case and its judgment is affirmed.