Ralph Melton FLEMING, Appellant,

v.

UNITED STATES of America, Appellee.

No. 23468.

United States Court of Appeals Fifth Circuit.

Oct. 18, 1966.

Rehearing Denied Dec. 27, 1966.

* Honorable Thomas P. Thornton, Senior Judge, United States District Court, Eastern District of Michigan, sitting by designation.

F. D. Hand, Jr., Asst. U. S. Atty., Atlanta, Ga., Charles L. Goodson, U. S. Atty., for appellee.

Before RIVES, BELL and THORNBERRY, Circuit Judges.

PER CURIAM.

Ralph Melton Fleming, petitioner in this 28 U.S.C. § 2255 proceeding, was convicted May 12, 1965, on his plea of guilty to charges of interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312. Sentence was set at four years.

Petitioner's Section 2255 motion alleges that he was mentally incompetent at the time of trial, that his plea of guilty was coerced, and that his original sentencing failed to comply with Federal Rules of Criminal Procedure 11 and 32. After a full evidentiary hearing, the district court denied petitioner relief. On appeal, petitioner asserts as an additional point that the district court committed error in failing to appoint counsel in the evidentiary hearing.

The district court's finding that petitioner's guilty plea was voluntary is clearly supported by the record. The supposed coercive elements were (1) the mental effects of an alleged coercive interview with investigating federal officers, and (2) the fact that petitioner was "illegally" brought before the district court—both groundless assertions. There are no allegations of physical coercion or attempted "deals" by the prosecuting authorities.

Petitioner's allegation that Rules 11 and 32 of the Federal Rules of Criminal Procedure were violated by the sentencing court are likewise unpersuasive. As to Rule 11, the record clearly shows that petitioner understood the charges against him. Furthermore, the fact that the inquiries required by Rule 11 were made by the prosecution rather than the judge is not reversible error.

Turner v. United States, 8th Cir. 1964, 325 F.2d 988; Nunley v. United States, 10th Cir. 1961, 294 F.2d 579. See also Adkins v. United States, 8th Cir. 1962, 298 F.2d 842.

■ As to Rule 32, petitioner's allegation that he was not afforded an opportunity to make a statement in his own behalf before sentencing may not be raised in a collateral proceeding. Hill v. United States, 1962, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417; Machibroda v. United States, 1962, 368 U.S. 487, 82 S. Ct. 510, 7 L.Ed.2d 473; Cuozzo v. United States, 5th Cir. 1963, 325 F.2d 274.

■ Petitioner further complains of the district court's failure in its Section 2255 order to make express findings on the issue of mental incompetency. The record clearly indicates, however, that the district court felt that petitioner had failed to sustain his burden of proving mental incompetency. See Praylow v. United States, 5th Cir. 1962, 309 F.2d 750. Since the record supports this view, petitioner was not prejudiced by a lack of formal findings on the issue and is not entitled to reversal. Papalia v. United States, 2nd Cir. 1964, 333 F.2d 620.

■ Petitioner's assertion that the district court committed reversible error by its refusal to appoint counsel in the hearing below is likewise unpersuasive. Appointment of counsel in such a hearing is a matter within the trial court's sound discretion. E. g., McCartney v. United States, 7th Cir. 1963, 311 F.2d 475; Richardson v. United States, 10th Cir. 1952, 199 F.2d 333; United States v. Pruitt, S.D.Tex.1954, 121 F.Supp. 15, aff'd 5 Cir., 217 F.2d 648. At the start of the Section 2255 hearing, petitioner requested counsel. The court refused to rule on this request until it was determined whether petitioner's allegations had any merit. After the hearing, the court found petitioner's motion to be without merit. This precise procedure had been recommended by one circuit court opinion. United States ex rel. Wissenfeld v. Wilkins, 2nd Cir. 1960, 281 F.2d 707, 715–716.

■ Likewise, the language of Pike v. United States, 5th Cir. 1964, 330 F.2d 53, does not require that counsel be appointed in this case because of the presence of an allegation of incompetency. In *Pike* the prisoner's motion had been denied without an evidentiary hearing. In the instant case, petitioner was granted a full and fair hearing upon all issues raised by his motion. There is no showing that petitioner was prejudiced in any manner by lack of counsel. Therefore, we hold that the district court did not abuse its discretion in failing to appoint counsel.

The judgment of the district court denying petitioner relief is therefore affirmed.