**Paul Oliver KAYTON, Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Appellee.**

**No. 25001.**

United States Court of Appeals Fifth Circuit.

Nov. 4, 1968.

---

* While Judge Schnackenberg participated in the hearing of oral arguments and a conference of the division judges above-named, he died prior to the adoption of the opinion. He concurred in the result reached in this opinion.

Paul Oliver Kayton, pro se.

David U. Tumin, Asst. Atty. Gen., Tallahassee, Fla., for appellee.

Before BROWN, Chief Judge, and WISDOM, Circuit Judge, and BREWSTER, District Judge.

PER CURIAM:

This is an appeal from the denial of habeas corpus relief to a Florida state convict, without a hearing and without requiring a return and answer by the respondent. We reverse.

■ The following grounds alleged by appellant require an evidentiary hearing unless they should be conclusively refuted in the manner provided in 28 U.S.C.A. §§ 2245–2249, 2254, by records which may be furnished with respondent's return and answer:

1. Appellant was arrested for public intoxication as a pretext for a warrantless search and seizure of evidence which was later used against him on his trial. Mapp v. State of Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, 84 A.L.R.2d 933 (1961); Amador-Gonzalez v. United States, 5 Cir., 391 F.2d 308 (1968).

2. His lineup confrontation was so unnecessarily suggestive and conducive to mistaken identification as to amount to denial of due process. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); Palmer v. Peyton, 4 Cir., 359 F.2d 199 (1966).

■ The appellant also attacks his conviction on the further grounds that his request for appointment of counsel at his preliminary hearing was refused, even though he was an indigent, and that he was denied effective assistance of counsel at his arraignment. As they now stand, each of those grounds is defective. It is not alleged that any evidence obtained at the preliminary hearing was used at appellant's trial. White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963); King v. Wainwright, 5 Cir., 368 F.2d 57 (1966); Harris v. State, Fla., 162 So.2d 262 (1964). Appellant entered a plea of not

guilty when he appeared with an assistant public defender for his arraignment. There is no allegation any injury occurred as a result of the manner in which he was represented at that time. Even though such grounds are defectively pleaded, it would be well for the trial court to see that the facts relevant to them are developed along with those pertinent to the other contentions, if it appears after the filing of a return and answer by the respondent that a hearing should be required.

If evidence is heard the trial court should file findings of fact and conclusions of law as provided by Rule 52(a), F.R.Civ.P. Litton v. Beto, 5 Cir., 386 F. 2d 820 (1967).

Reversed and remanded.