George Thomas STANLEY, Appellant,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Appellee.

No. 24076.

United States Court of Appeals
Fifth Circuit.

Jan. 21, 1969.

Albert J. Datz, Jacksonville, Fla., for appellant.

George R. Georgieff, Asst. Atty. Gen., Earl Faircloth, Atty. Gen., Tallahassee, Fla., for appellee.

Before JOHN R. BROWN, Chief Judge, and COLEMAN and SIMPSON, Circuit Judges.

JOHN R. BROWN, Chief Judge:

As with another case this day decided,[1] we are again faced with the question whether absence of counsel in a capital case at a Florida arraignment proceeding is a denial of a constitutional right. Here, we are further concerned with the various facets underlying an allegedly coerced confession, as well as the denial of counsel at the Florida post-conviction proceeding.

The facts may be quickly capsulated. In October 1959, Stanley was convicted of the rape of an infant child and sentenced to 99 years by the Circuit Court of Dade County, Florida. From this he appealed to the District Court of Ap-

1. Considered and decided along with this case is Harris v. Wainwright, 5 Cir., 1969, 406 F.2d 1.

peals, Third District of Florida, where his appeal was denied. Stanley v. Florida, Fla.App., 1960, 124 So.2d 743. He then collaterally attacked his conviction by a motion to vacate his sentence under former Florida Criminal Procedure Rule 1, now Rule 1.850, 33 F.S.A.[2] (a state counterpart to 28 U.S.C. § 2255). Subsequently he carried his collateral attack through the Florida appellate system to the United States Supreme Court without relief. Stanley v. Florida, 1965, 382 U.S. 952, 86 S.Ct. 441, 15 L.Ed.2d 371. Stanley then applied to the United States District Court for a writ of habeas corpus. His petition was denied by the Judge as insufficient on its face without either a response from the State or an evidentiary hearing being required. We reverse and remand.

■ Stanley's contention of constitutional error from the absence of counsel at his arraignment proceeding is controlled by Harris v. Wainwright, supra, in which we held that in a capital case the Florida arraignment proceeding is "(a) * * * a critical stage, unless (b) there has been no likelihood of prejudice, but (c) the burden of disproving likelihood of prejudice is on the State."

Judge McRae based his conclusion that the arraignment in Florida is not a critical stage per se in part on the fact that Stanley pleaded guilty.[3] Whatever additional but unrevealed reasons were credited by the Judge the result must give way to Harris. As in Harris, through a full exploitation of the Florida post-conviction mechanism, there must be a factual-legal hearing and determination to rule out the likelihood of harm, failing which the conviction cannot stand.[4]

■■ On the claim of coerced confession the effort of Stanley to invoke precisely Escobedo v. Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, falls before Johnson v. New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 which denied retroactively to Escobedo and Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. But enough is said in his handprinted brief filed with the District Court to render unacceptable the summary rejection[5] of the claim on general principles including, as pressed here, Haynes v. Washington, 1963, 373 U.S. 503, 513, 83 S.Ct. 1336, 1343, 10 L.Ed.2d 513, 521, where the Supreme Court stated: "Whether a confession was obtained by coercion or improper inducement can be determined only by an examination of all of the attendant circumstances." Here the papers adequately state that Stanley repeatedly asked for and was refused the right to call his wife in order to ask her to contact an attorney. Further, he asserts it was only after he had given a signed statement that he was permitted to call his wife. He further alleges that his first appearance before a committing magistrate did not come until he had been in custody for approximately two weeks. These allegations must be considered in light of the attendant circumstances revealed in this record, in determining whether, in fact, Stanley's confession was coerced.

Stanley also claims a violation of the Florida statutes requiring that an ar-

2. See Spencer v. Wainwright, 5 Cir., 1968, 403 F.2d 778, 780.

3. This is contrary to fact as specific replies in the questionnaire-type habeas petition reflected.

4. This assumes that there was no knowing waiver of counsel. As but one of many facts unrevealed by the sketchy record, this proves again that the mortality rate of dismissal on the pleadings where lawyers are present (Barber v. Motor Vessel Blue Cat, 5 Cir., 1967, 372 F.2d 626) is even higher when dealing with the handwritten habeas efforts of prisoners. A show cause order to the State would have, for example, given the Judge much enlightenment as to just what had transpired and the sufficiency of State determinations of the other constitutional claims later discussed.

5. See Note 4 supra.

**10**

rested person be taken before a committing magistrate without unnecessary delay, 901.23, Florida Statutes, F.S.A., and the State responds that the Supreme Court, in Culombe v. Connecticut, 1961, 367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed.2d 1037, held that a state prisoner has no federally protected constitutional right to an immediate appearance before a magistrate. This question was recently argued before the Supreme Court, but the Court later dismissed the writ as improvidently granted because the legality of the arrest had not been put in issue either in the Florida appellate courts or before the Supreme Court.[6] We think it unnecessary, however, to comment on this claim, since substantial relief requiring further hearings is ordered by us on other grounds.

Stanley's last contention is that he was unconstitutionally denied counsel at his Florida post-conviction hearing. For support he invokes this Court's decision in Pike v. United States, 5 Cir., 1964, 330 F.2d 53. In *Pike* we held that a defendant should be represented by appointed counsel on a motion to vacate sentence on the ground that he was mentally incompetent when he entered a plea of guilty to a charge of interstate transportation of a stolen motor vehicle. Recognizing that in *Pike* it was expressly alleged that the defendant was suffering or laboring under a mental deficiency, Stanley contends that there is no distinction between one suffering under such mental disability and one suffering from incapacities due to lack of education, intelligence, or sophistication to understand or appreciate what was happening at the post-conviction proceedings. We think that these two do allow a distinction to be made, especially in the light of our supervisory power over Federal criminal prosecutions and the strong policy, statutory[7] and judge-made,[8] regarding mental capacity to participate in a trial.

On the merits generally this Circuit is committed to the proposition that there is no absolute constitutional right to counsel at post-conviction proceedings. Ford v. United States, 5 Cir., 1966, 363 F.2d 437. We held in *Ford* that "He had no vested right under the Sixth Amendment to the Constitution of the United States to appointed counsel in this [post-conviction] proceeding. Id at 438. See also Queor v. Lee, 5 Cir., 1967, 382 F.2d 1017.

The result is that the judgment denying habeas must be vacated and the cause remanded for further proceedings as prescribed here and in *Harris*.[9]

Vacated and remanded.

6. Palmieri v. Florida, No. 131, was argued before the Supreme Court Nov. 25, 1968, 37 U.S.L.W. 3193. The writ was dismissed, per curiam, Dec. 9, 1968, 393 U.S. 218, 89 S.Ct. 440, 21 L.Ed.2d 389.

7. 18 U.S.C.A. §§ 4244–4246.

8. Johnson v. United States, 5 Cir., 1965, 344 F.2d 401; Anderson v. United States, 5 Cir., 1963, 318 F.2d 815.

9. As a *Harris* hearing in the Florida courts is required we think it good administration for Florida to exploit fully all further contentions (e. g., coerced confession, etc.) whether previously advanced or otherwise. It would be disruptive of good Federalism to have part going on in the State Court and part in the Federal Court. See Texas v. Payton, 5 Cir., 1968, 390 F.2d 261; Peters v. Rutledge, 5 Cir., 1968, 397 F.2d 731; Spencer v. Wainwright, 5 Cir., 1968, 403 F.2d 778, 782, n. 8.