Ghazi **ABRAHAM**, Appellant,

v.

Louie L. **WAINWRIGHT**, Director, Division of Corrections, Tallahassee, Florida, Appellee.

No. 26018.

United States Court of Appeals Fifth Circuit.

Feb. 24, 1969.

Ghazi Abraham, in pro. per.

Earl Faircloth, Atty. Gen., Tallahassee, Fla., James T. Carlisle, Vero Beach, Fla., Arden Siegendorf, Asst. Attys. Gen., Miami, Fla., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

AINSWORTH, Circuit Judge:

Appellant is without counsel, and none having been appointed, the case cannot be orally heard. See Elchuk v. United States, 370 U.S. 722, 82 S.Ct. 1574, 8 L.Ed.2d 802 (1962). Accordingly, the case is properly placed on the summary calendar under Fifth Circuit Rule 18.

The appellant is a Florida state prisoner serving a sentence for murder in the second degree. The conviction was affirmed upon direct appeal, at which the appellant was represented by counsel. Abraham v. State, Fla.App.1961, 132 So. 2d 377.

The United States District Court denied the appellant's petition for habeas corpus, stating written reasons. The Court then granted a certificate of probable cause.

The sole question certified for appeal is whether the state appellate court erred in denying the appellant's request for appointment of counsel on appeal from denial of his motion to vacate the judgment pursuant to Florida Cr.P. Rule 1.850, 33 F.S.A.

It is clear to us that there was no violation of appellant's federally protected rights. There is a sharp distinction between the direct appeal from a conviction and a collateral attack on the conviction. An indigent defendant has the constitutional right to counsel on di-

rect appeal, Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) ; there is no such right to counsel in post-conviction proceedings, Stanley v. Wainwright, 5 Cir., 1969, 406 F.2d 8; Fleming v. United States, 5 Cir., 1966, 367 F.2d 555; Ford v. United States, 5 Cir., 1966, 363 F.2d 437; Putt v. United States, 5 Cir., 1966, 363 F.2d 369. This is also the rule in Florida. State v. Herzig, 208 So.2d 619 (Fla.1968); State v. Weeks, 166 So.2d 892 (Fla.1964).

■ Brief mention should be made of the issues not before this Court on appeal, but presented to the District Court. Appellant there alleged that he was the victim of an illegal arrest and that he was denied assistance of counsel at the preliminary hearing. The District Court held these to be insufficient grounds for collateral attack. We agree.

■ Even if, arguendo, appellant's arrest was illegal, that alone does not present grounds for habeas corpus relief unless such arrest in some way deprived the petitioner of a fair trial. Sutherland v. Wainwright, 5 Cir., 1968, 399 F.2d 303; Askew v. State of Alabama, 5 Cir., 1968, 398 F.2d 825; Miller v. Eklund, 9 Cir., 1966, 364 F.2d 976; Fernandez v. Klinger, 9 Cir., 1965, 346 F.2d 210, cert. den., 382 U.S. 895, 86 S. Ct. 191, 15 L.Ed.2d 152. Appellant makes no allegation that fruits of his illegal arrest were used against him at his trial.

■ Under Florida criminal procedure, a preliminary hearing is not a critical stage in the proceedings. King v. Wainwright, 5 Cir., 1966, 368 F.2d 57; Montgomery v. State, 176 So.2d 331 (Fla.1965). Thus, lack of counsel at the preliminary hearing, with no allegation that any evidence obtained at the hearing was used at appellant's trial, is not sufficient ground for habeas corpus relief. White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963);

Kayton v. Wainwright, 5 Cir., 1968, 402 F.2d 471; King v. Wainwright, supra.[1]

■ Appellant also alleged that he was denied a full and fair state appellate review of his motion to vacate in that his appeal was quashed before the appellate court had examined the record. The record before us clearly shows the opposite to be true; that the state appellate court quashed the appeal based upon its review of the record, stating that the issues presented were in fact frivolous. The District Court reached the same conclusion, and we concur.

The judgment of the Court below is affirmed.

1. Cf. Harris v. Wainwright, 5 Cir., 1969, 406 F.2d 1; Stanley v. Wainwright, 5 Cir., 1969, 406 F.2d 8 (arraignment can be a critical stage of Florida state criminal proceedings).