Donald Gene **WALKER**, Plaintiff-Appellant,

v.

Louie L. **WAINWRIGHT**, Director, Division of Corrections, State of Florida, Defendant-Appellee.

No. 26822.

United States Court of Appeals
Fifth Circuit.

April 3, 1969.

Rehearing Denied May 13, 1969.

Donald Gene Walker, pro se.

Earl Faircloth, Atty. Gen., Tallahassee, Fla., Arden Siegendorf, Asst. Atty. Gen., Miami, Fla., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

■ Petitioner appeals from the denial by the district court without a hearing of his petition for writ of habeas corpus.[1] Pursuant to Rule 18 of the Rules of this Court, this case has been placed on the summary calendar for disposition without oral argument.[2]

■ The claim of illegal search and seizure was not ruled on or raised in the district court or in earlier post-conviction proceedings in the state courts of Florida. It may not be raised for the first time in this court, Jackson v. Beto, 388 F.2d 409 (5th Cir. 1968); Young v. Wainwright, 326 F.2d 255 (5th Cir. 1964).

■ The district court was not required to hold an evidentiary hearing on the issue of the voluntariness of petitioner's confession. Petitioner had been given a full evidentiary hearing on this issue in the state courts with counsel. The district court, with the transcript of the state proceedings before it, found that petitioner had not established, nor had the court's own independent inquiry revealed, that any of the eight enumerated grounds of 28 U.S.C.A. § 2254(d) existed, so that the state court's determination of voluntariness was presumptively valid.

Petitioner's attorney, appointed for him in the appeal of his state post-conviction remedy case, failed to file a brief with the Florida District Court of Appeals. The federal habeas court found petitioner suffered no prejudice from this. The District Court of Appeals quashed the appeal on the merits, because "it is manifest that the questions raised on the appeal are without substantial merit," a conclusion with which we agree, after having ourselves read the transcript of the trial court in the Florida post-conviction proceeding. The Florida Supreme Court denied a petition for certiorari to the District Court of Appeals.

■■ This is a capital case. Petitioner was convicted of murder and given a life sentence. He asserts that he was entitled to the presence of counsel at his preliminary hearing.[3] He appeared before a magistrate for preliminary hearing and waived the hearing. The Florida statute provides that the magistrate must inform the defendant of his right to counsel during the preliminary examination.[4] But the cases uniformly hold that in Florida preliminary hearing is not per se such a critical stage in the proceedings that counsel is required. Absent allegation and proof of specific prejudice arising from events occurring at the preliminary hearing or specific prejudice in subsequent proceedings arising from the denial of counsel at the preliminary hearing there can be no relief. Abraham v. Wainwright, 5 Cir., 1969, 407 F.2d 826 [Feb. 24, 1969]; Kayton v. Wainwright, 402 F.2d 471 (5th Cir. 1968); Montgomery v. State, 176 So.2d 331 (Fla. 1965); Kennedy v. State, 164 So.2d 245 (Fla.1964). In his petitions, amendments, supplements and briefs the petitioner repeatedly has urged the lack of counsel at the preliminary hearing. At no time has he alleged or shown any type of prejudice arising from the ab-

---

1. The district court denied the petition as amended and denied a motion for reconsideration. However, it permitted petitioner to file a supplemental petition to set out more fully the factual allegations of a claim of an involuntary confession and to raise a new ground. After response by the state the amended and supplemented petition was denied and a motion to reconsider this last ruling was denied.

2. See Floyd v. Resor, 5 Cir., 1969, 409 F. 2d 718 n. 2 [Feb. 24, 1969].

3. He was represented at trial by an attorney retained by his family.

4. Fla.Stat.Ann. § 902.01 was in effect at time of petitioner's preliminary hearing. See also Fla.R.Crim.P. 1.122 (1967), 33 F.S.A.

sence of counsel other than the fact that counsel was not there.[5]

Affirmed.

---

5. *Cf.* Harris v. Wainwright, 5 Cir., 1969, 406 F.2d 1 [Jan. 21, 1969] and Stanley v. Wainwright, 5 Cir. 1969, 406 F.2d 8 [Jan. 21, 1969]. Those cases are concerned with lack of counsel at arraignment. In view of the differences in function, scope and effect of a preliminary hearing and arraignment in Florida we do not consider the holding of those cases, placing on the state the burden of ex-

cluding the likelihood of prejudice, to govern preliminary hearings. See especially footnotes 3 and 4 in *Harris*. As in most states, the Florida preliminary hearing serves only to determine whether probable cause exists to hold the accused, and prosecution may be instituted and maintained regardless of whether preliminary hearing is held. Hoffman v. State, 169 So.2d 38 (Fla.App.1965).