431 F.2d 871
 Jose LUJAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 29929 Summary Calendar.*
 United States Court of Appeals, Fifth Circuit.
 September 8, 1970.
 
 Jose Lujan, pro se.
 Seagal V. Wheatley, U. S. Atty., Romualdo C. Caballero, Deputy U. S. Atty., Ralph E. Harris, Asst. U. S. Atty., El Paso, Tex., for appellee.
 Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 This case is again on appeal after our remand for an evidentiary hearing in the district court. See Lujan v. United States, 5 Cir., 1970, 424 F.2d 1053. The district court again denied relief, setting out its findings of fact and conclusions of law. We affirm.
 
 
 2
 Appellant contends that a 1947 judgment of conviction should be vacated because as an indigent defendant he was not provided with counsel and did not voluntarily and knowingly waive that right. The trial judge concluded on the record that appellant waived appointment of counsel. The prosecuting attorneys testified that they had no independent recollection of this particular defendant, but both they and the deputy clerk testified as to what was the unalterable practice of the trial court in arraigning and sentencing defendants charged with felonies. This practice was to offer counsel to indigent defendants. There was also evidence as to appellant's knowledge of the right to appointed counsel based on his prior experience in criminal proceedings.
 
 
 3
 A determination of credibility of testimony is for the trier of facts, who is not bound to accept testimony even if uncontradicted. Hawk v. Olson, 1945, 326 U.S. 271, 279, 66 S.Ct. 116, 90 L.Ed. 61; Walker v. Beto, 5 Cir., 1967, 387 F.2d 626. Here the court rejected appellant's testimony that he was not offered counsel, finding it to be contradicted by the testimony and records and otherwise not credible. A credibility finding, like other findings of fact will be upheld unless clearly erroneous. DiPrima v. Beto, 5 Cir., 1967, 373 F.2d 797. We perceive no error in the findings of the district court.
 
 
 4
 There is also no merit in appellant's contention that the district court should have appointed counsel for him at the evidentiary hearing below. Appointment of counsel on a motion to vacate and set aside judgment and sentence is left to the discretion of the district court, which in this case was not abused. Hollinger v. United States, 5 Cir., 1968, 391 F.2d 929; Fleming v. United States, 5 Cir., 1966, 367 F.2d 555; Ford v. United States, 5 Cir., 1966, 363 F.2d 437.
 
 
 5
 The judgment of the district court is affirmed.
 
 
 
 Notes:
 
 
 *
 [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir., 1970, 431 F.2d 409, Part I