Kenneth Joe TWEEDY, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 20151.

United States Court of Appeals,
Eighth Circuit.

Dec. 10, 1970.

Kenneth Joe Tweedy, pro se.

Bethel B. Larey, U. S. Atty., and Sam Hugh Park, Asst. U. S. Atty., Fort Smith, Ark., filed brief for appellee.

Before MEHAFFY, GIBSON and BRIGHT, Circuit Judges.

PER CURIAM.

Kenneth Joe Tweedy appeals pro se from an order of the United States District Court for the Western District of Arkansas entered after a hearing on February 2, 1970 dismissing Tweedy's 28 U.S.C. § 2255 petition to vacate the judgment and sentence pursuant to which he is presently incarcerated.

Tweedy was convicted upon a plea of guilty entered January 19, 1969 of violation of the Dyer Act, having admitted that he stole an automobile in Dallas, Texas and transported it to Hot Springs, Arkansas. On January 28, 1969 Tweedy was sentenced to three years' imprisonment. We affirm the order of the district court denying Tweedy's motion to vacate the judgment and sentence.

On this appeal Tweedy contends (1) that his arrest was without a warrant and was unlawful; (2) that his confession obtained by police at the scene of his arrest was illegal as he had not been advised of his constitutional rights and was questioned without the benefit of having an attorney present; (3) that the court erred in accepting a guilty plea because he is a "chronic" alcoholic; (4) that he was represented by incompetent counsel who failed to advise the court that he was a "chronic" alcoholic and that he was arrested without a warrant and questioned in violation of his constitutional rights; and (5) that the court erred in not appointing an attor-

ney to assist in preparation of his § 2255 petition and this appeal.

Tweedy was arrested on January 1, 1969 by officers of the Hot Springs, Arkansas police department on information that he was there and had a stolen automobile in his possession. He was found in a deserted shack with the automobile bearing Texas license plates parked adjacent thereto. Tweedy was asleep in the shack at the time and so was one of his companions. A third man was asleep in the car and was apparently intoxicated. The officers awakened Tweedy and questioned him about the automobile. Tweedy told them the car belonged to him, but during the discussion admitted that he had stolen it in Texas and driven it to Arkansas. He was arrested and taken to jail. On the following morning the FBI was notified and an agent interviewed Tweedy, advised him of his rights and Tweedy gave a complete statement.

On January 14, 1969 Judge Oren Harris appointed a lawyer to represent Tweedy, and on the same day he entered his plea after an extended discussion with his attorney. He did not appeal from his conviction and filed this petition on December 23, 1969. Judge John E. Miller conducted a hearing on February 2, 1970 at which both Tweedy and his former attorney appeared.

We have carefully considered all of Tweedy's assignments of error and they are so obviously lacking in merit as to require only a brief discussion.

■ The arrest without a warrant was entirely proper because the officers had reasonable grounds for believing that Tweedy had committed a felony. Ark.Stat.Ann. § 43–403 (Repl. 1947). See Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). Reasonable grounds under the Arkansas statute equate with the federal standards of probable cause. Theriault v. United States, 401 F.2d 79 (8th Cir. 1968), cert. denied, 393 U.S. 1100, 89 S.Ct. 898, 21 L.Ed.2d 792 (1969).

The interrogation by the officers in Hot Springs before the defendant was taken into custody was proper and his statement advising the officers of the theft of the car in Dallas was voluntary. Furthermore, the following morning after he was taken into custody he was turned over to the FBI whose agent questioned him after giving him complete warnings.

■ Tweedy argues that the district court should not have accepted his plea of guilty because he was a "chronic" alcoholic, but his attorney who spent some thirty to forty-five minutes with Tweedy said that the decision to plead guilty was Tweedy's own, and there was nothing about his appearance, conduct or conversation that led the attorney to do anything but consent to Tweedy's plea. At the time of the conference immediately preceding the plea Tweedy was sober, knew what he was doing and, of course, was guilty. If there had been anything about defendant's condition that would have indicated an inability for his entering the plea, the attorney said he certainly would not have condoned it. Being a chronic alcoholic does not equate with being incompetent to plead guilty. See Crawn v. United States, 254 F.Supp. 669 (M.D.Penn. 1966).

■ Tweedy questions the competency of counsel because he did not raise the issues of improper interrogation, arrest without a warrant and Tweedy's status as a "chronic" alcoholic. This contention is specious as his attorney was competent, an officer of the State Bar Association and well known to Judge Harris who accepted the plea as well as to Judge Miller who entered the order from which this appeal stems.

■ Finally, Tweedy contends that he should have court-appointed counsel in this proceeding. This is a matter solely within the discretion of the trial court. Fleming v. United States, 367 F.2d 555 (5th Cir. 1966); Richardson v. United States, 199 F.2d 333 (10th Cir. 1952). Normally these collateral attacks do not

warrant the appointment of counsel. In any event, a reading of the entire record discloses that Tweedy was afforded every protection to which he was entitled under the law. The contentions he raises on this appeal are patently without merit.

The judgment is affirmed.