See also, D.C., 414 F.Supp. 795, 414 F.Supp. 800.

---

**UNITED STATES of America, Plaintiff,**

v.

**Larry FRENCH et al., Defendants.**

**Crim. No. 76–76–D.**

United States District Court,
W. D. Oklahoma.

April 22, 1976.

David L. Russell, U. S. Atty., by Drew Neville and Duane H. Miller, Asst. U. S. Attys., Oklahoma City, Okl., for plaintiff.

Sandra Leah Fogley, Thomas D. Frasier, Tulsa, Okl., for defendant Guy W. Payne.

ORDER

DAUGHERTY, Chief Judge.

Defendant Guy Warren Payne has filed a Motion To Suppress in which he seeks to suppress as evidence in this case a large sum of money allegedly seized from said Defendant when arrested in connection with the charges involved in this case. The Court conducted an evidentiary hearing on said Motion on March 31, 1976.

Movant contends he was arrested in a motel room in Fayetteville, Arkansas, on or about October 16, 1975 without a warrant and the money in question was discovered when the arresting officers conducted a search of said motel room at the time of his arrest. It is contended the search was made without a warrant and thus is invalid and thus the money found pursuant thereto should be suppressed as evidence in this case.

The Government contends that the money in question was found by the arresting agents when they arrested Defendant Payne and at the request of Movant took possession of a box and a bag containing the money in question. It is the position of the Government that the money was not found pursuant to a search and thus the evidence in question should not be suppressed.

The testimony of the arresting officers disclosed that they had had Defendant Payne under surveillance for about 3 days prior to his arrest on the night of October 15, 1975 and it was suspected that he was involved in activities which included possession of a large amount of marijuana which was believed stored in an Arkansas location after being brought by truck from Chickasha, Oklahoma. The arrest occurred about 11:00 p. m. on the night in question. Defendant Payne was in bed when arrested and the officers allowed him to get dressed and thereafter prior to leaving the motel room asked Defendant Payne if he had any valuables in the room he wanted to secure. Payne pointed to two items, a box and a bag under or near a dressing table. The agent then placed the box or bag on the bed and opened the same and then found the large amounts of currency.

Defendant Payne argues that as they had had him under surveillance for three or four days, the officers could have obtained both an arrest warrant for him and a search warrant for the motel room he occupied at the time of his arrest.

The Government argues that the arresting officers had probable cause to make the arrest without a warrant but had no probable cause to search for anything; that the money in question was not obtained by means of a search but was discovered pursuant to Defendant Payne's request that it be secured.

The arrest of Defendant Payne without a warrant was proper as the arresting officers had reasonable grounds to believe he had committed a felony and under Arkansas statutes reasonable cause is equated with the federal standards of probable cause. *Tweedy v. United States,* 435 F.2d 702 (Eighth Cir. 1970). The Court thus finds that Defendant Payne's arrest without an arrest warrant on October 15, 1975 was proper.

The Court further finds that the money in question was not discovered by the arresting officers as a result of a search of Defendant Payne's motel room. It was discovered while the officers were assisting said Defendant at his request in securing his belongings situated in said room prior to removing him therefrom in their custody. The situation involved in this instance is very much like that considered in *Harris v. United States,* 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968) wherein the Court stated:

> "The precise and detailed findings of the District Court, accepted by the Court of Appeals, were to the effect that the discovery of the card was not the result of a search of the car, but of a measure taken to protect the car while it was in police custody. Nothing in the Fourth Amendment requires the police to obtain a warrant in these narrow circumstances."

When the officers arrested Defendant Payne, they would have been remiss in not allowing him to secure his property or valuables when he was removed in their custody from the motel room. After Defendant Payne indicated to the officers that he desired they assist him in securing the items contained in the box and bag in question, the subsequent opening of same by the officers could be said to have been with the consent of Defendant Payne. If it was not with such consent, then after the bag and box were pointed out by Defendant Payne with the indication that he desired the same to be secured and did not wish to leave the same behind, the officers had good reason and legal authority to determine the contents of the bag and box to determine the extent of security required on behalf of Defendant Payne to protect his property and further to determine if weapons or

items which might assist the arrested person to escape were contained therein.[1]

The Court finds that the officers discovered the money in question not as a search but as an incident to Defendant Payne's request that his valuables be secured and not left behind in the motel room and that in these circumstances it was reasonable and proper for the officers to examine the contents of the box and bag in connection with their responsibility to secure the same as well as for their own safety to see if said box and bag contained weapons or items which the Defendant Payne might attempt to obtain and use to escape custody or injure the officers. In these circumstances such discovery was not in derogation of Defendant Payne's Fourth Amendment rights protecting him from an unlawful search and seizure. The Motion to Suppress is overruled.

See also, D.C., 414 F.Supp. 795, 414 F.Supp. 798.

---

1. It could also be urged that Defendant Payne desired the bag and box to be brought with him after he was taken into custody and was to be removed from his motel room and the officers had a right to search same as an incident to his arrest pursuant to *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). *Chimel* provides:

"There is ample justification, therefore, for a search of the arrestee's person and the area 'within his immediate control'—construing that phrase to mean the area from which he might gain possession of a weapon or destructible evidence."