**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Don Victor HARBOLT, Jr., Defendant-Appellant.**

**No. 29167**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 2, 1970.

Don Victor Harbolt, Jr., pro se.

John L. Buggs, U. S. Atty., Bernard H. Dempsey, Jr., Asst. U. S. Atty., Tampa, Fla., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the District Court denying Harbolt's motion to vacate sentence pursuant to 28 U.S.C.A. § 2255 without holding an evidentiary hearing. We affirm.[1]

Harbolt, represented by court appointed counsel, was convicted upon his plea of guilty of fraud by wire, a violation of 18 U.S.C.A. § 1343.

1. Pursuant to our Rule 18 this case is decided without oral argument.

In his motion to vacate sentence Harbolt alleged that his counsel was ineffective because he had no experience in federal court and was unable to prepare a defense; that counsel could not defend two men (Harbolt and a co-defendant) who had conflicting interests; and that venue was not properly laid in the Middle District of Florida where the trial took place. The District Court, finding that the guilty plea was voluntarily and understandingly entered, also found no merit to Harbolt's contentions.

The record does not bear out the assertions that defense counsel was unfamiliar with federal rules and procedures. In fact, the contrary is clearly evident. A plea of not guilty was entered at arraignment. Three weeks later Harbolt changed his plea to guilty. The District Court made a searching inquiry that fully indicated that defense counsel had advised Harbolt about the offense charged and the maximum penalty that could be imposed. Harbolt not only failed to allege that he had a defense but affirmatively stated in open court that he did not. A month later, at the time of sentencing, counsel pointed out to the court circumstances tending to mitigate punishment.

■ Harbolt's allegations that the District Court did not dispose of the issue raised by him concerning the conflicting interests of Harbolt and his co-defendant are entirely conclusory in nature and state no facts upon which relief could be granted. In any event, since "the guilty plea was voluntary the appellant must be said to have waived the conflict of interest theory." Martin v. United States, 5 Cir. 1958, 256 F.2d 345, cert. denied 358 U.S. 921, 79 S.Ct. 294, 3 L.Ed.2d 240.

■ Harbolt's challenge of the venue of the trial is also without merit. As the District Court found, Harbolt "was apprehended in Tampa, Florida, in the act of receiving electronic equipment which was the subject matter of a fraudulent scheme perpetrated by telephone communication between Macon, Georgia, and Chicago, Illinois. Venue was properly laid in the Middle District of Florida." See 18 U.S.C.A. § 3237.

The judgment is

Affirmed.