United States Court of Appeals,

Fifth Circuit.

No. 93-8534.

UNITED STATES of America, Plaintiff-Appellee,

v.

William Phillip NICHOLS, Defendant-Appellant.

Aug. 25, 1994.

Appeal from the United States District Court for the Western District of Texas.

Before POLITZ, Chief Judge and DUHÉ and BARKSDALE, Circuit Judges.

PER CURIAM:

Appellant, William Nichols, appeals the district court's denial of his motions to correct his sentence under 28 U.S.C. § 2255 and for appointment of counsel under 18 U.S.C. § 3006A(a)(2)(B). We vacate and remand in part and affirm in part.

## BACKGROUND

Appellant was convicted in February 1992 of three counts of distributing crack cocaine within a thousand feet of a public school in violation of 21 U.S.C. §§ 841(a)(1), 860(a). At sentencing, the district court found Appellant a career felon based on two state drug convictions. Accordingly, the district court enhanced Appellant's sentence to 262 months imprisonment from a sentencing range of 41 to 51 months.

On March 10, 1993, the Texas Court of Criminal Appeals vacated one of Appellant's state convictions on the ground that his guilty plea was involuntary because the state withheld exculpatory evidence. Nichols then filed a motion under 28 U.S.C. § 2255 to

vacate, set aside, or correct his federal sentence on the ground that he could no longer be considered a career offender since his state conviction had been vacated. Appellant also filed a motion for appointment of counsel under 18 U.S.C. § 3006A(a)(2)(B). The district court denied both motions, and Appellant appeals.

## DISCUSSION

### I.

Appellant first contends that § 2255 relief is appropriate when a state conviction that formed the basis of career offender status is invalidated after the federal sentencing. In the recent case, *Custis v. United States,* --- U.S. ----, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), the Supreme Court stated in dicta that a defendant who was successful in attacking his state conviction in state court may then apply for reopening of any federal sentence enhanced by that state sentence. *Id.* at ----, 114 S.Ct. at 1739. At oral argument, the Government conceded that, in light of *Custis,* Appellant should get the benefit of the fact that he subsequently had the previous state conviction overturned. Accordingly, we vacate and remand on the basis of the Government's concession.

### II.

Appellant next argues that the district court abused its discretion by refusing to appoint counsel. Whether to appoint counsel to represent a defendant in a § 2255 proceeding is committed to the sound discretion of the district court. *Ford v. United States,* 363 F.2d 437 (5th Cir.1966). No evidentiary hearing was necessary in this case, and at the time he requested counsel,

Appellant merely alleged that "the interest of justice" required that counsel be appointed.  We conclude that the district court did not abuse its discretion in denying Appellant's motion to appoint counsel.

CONCLUSION

For the foregoing reasons, we VACATE and REMAND in part and AFFIRM in part.