United States Court of Appeals
Fifth Circuit

**F I L E D**

February 26, 2007

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

⎯⎯⎯⎯⎯⎯⎯

m 05-50980

⎯⎯⎯⎯⎯⎯⎯

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

LUIS ALBERTO SANTANA, also known as Victor Manuel Vivas,

Defendant-Appellant.

⎯⎯⎯⎯⎯⎯⎯

Appeal from the United States District Court
for the Western District of Texas
m 5:02-CR-41-1

⎯⎯⎯⎯⎯⎯⎯

Before SMITH, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Luis Santana appeals the denial of his motion, pursuant to 28 U.S.C. § 2255, to vacate his sentence. We reverse and remand.

⎯⎯⎯⎯⎯⎯⎯

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

Santana pleaded guilty of possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii) and 846. Based on a prior Texas conviction of manslaughter and a *nolo contendere* plea in Louisiana to a controlled substance offense, Santana qualified as a career offender under U.S.S.G. § 4B1.1(a). That increased his sentencing guideline range from 87-108 months to 188-235 months. He was sentenced to 188 months' imprisonment followed by 5 years' supervised release.

After the conviction was upheld on direct appeal, Santana moved for relief pursuant to 2255, asserting that his *nolo contendere* plea was an inappropriate basis for classifying him as a career offender and that his counsel was ineffective for not pursuing this argument on direct appeal. The district court adopted the recommendation of the magistrate judge and held that Santana's sentencing claim was not cognizable in a § 2255 proceeding, which is limited to constitutional and jurisdictional issues, and that it did not fall into the "actual innocence" exception, because Santana had pleaded *nolo contendere*, without a plea agreement, to the controlled substance offense. The court also found that the ineffective assistance of counsel claim was unavailing.

Santana filed a notice of appeal and requested a certificate of appealability ("COA") to pursue his claim that the district court erred in sentencing him as a career offender; he attached to the pleading a copy of a recent document dismissing the Louisiana case in which he had pleaded *nolo contendere*. The order of dismissal stated that the matter was being dismissed because the "[v]ictim dropped the charges." Now that the Louisiana state charge had been dismissed, Santana asserted that he was entitled to § 2255 relief from his classification as a career offender for sentencing purposes.

The district court denied relief, holding that the conviction had been set aside for reasons unrelated to innocence or errors of law, and thus it could still properly be relied on in determining career offender status. The court granted a COA on the issue of whether the dismissal entitled Santana to § 2255 relief.

II.

As a threshold matter, we have jurisdiction to review Santana's claim. When it denied Santana's § 2255 motion, the district court was unaware of the dismissal of the Louisiana charges, which had occurred only a few days before the court denied relief. Santana's notice of appeal, in which he brought the dismissal to the court's attention, was filed shortly after that denial of relief.

Because Santana is a *pro se* litigant, we liberally construe his pleadings and briefs and apply less stringent standards in interpreting his arguments than we would in the case of a counseled party. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Consequently, we construe Santana's notice of appeal as a request for relief pursuant to Federal Rule of Civil Procedure 60(b), so the district court had jurisdiction to rule on the merits of the motion.[1] This conclusion is limited to the unusual circumstances of this case, in which extremely relevant evidence bearing on the correctness of Santana's sentence came into existence just before the denial of § 2255 relief and was presented promptly to the district court post-denial.

Section 2255 relief is appropriate where, as here, a state conviction that formed the basis of a career offender designation is invalidated after federal sentencing. *United States v. Nichols*, 30 F.3d 35, 36 (5th Cir. 1994). The government argues that we should deny the petition because, under application note 10 to U.S.S.G. § 4A1.2, the dismissal of Santana's

---

[1] *See Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir. 1986) (en banc) ("If . . . the motion asks for some relief other than correction of a purely clerical error and is served after . . . [ten days from the judgment], then Rule 60(b) governs its timeliness and effect.").

2

conviction was unrelated to his innocence or errors of law. That note, in full, states the following:

> Convictions Set Aside or Defendant Pardoned. A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, e.g., in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are to be counted. However, expunged convictions are not counted. § 4A1.2(j).

Nothing in the record suggests that Santana's claim was dismissed under a procedure similar to those described in application note 10. It was not dismissed to restore his civil rights or to remove the stigma associated with a criminal conviction, but rather because the state could no longer pursue the charges after the victim dropped them. The government concedes that such a dismissal typically occurs when "the state is unable to support its case factually." It cannot be said that this is unrelated to innocence or errors of law, and thus the application note does not apply to Santana.

In addition, the government and the district court cite several cases in which a defendant received a diversionary disposition, such as deferred adjudication or assignment to a substance abuse program, and after the defendant completed the diversionary disposition the underlying offense was dismissed. A conviction under these circumstances, even after dismissal, is a valid basis for a career offender designation. *See* U.S.S.G. § 4A1.2, comment. (n.9). But these cases are fundamentally different from Santana's, in which there was no diversionary disposition. Rather, the government dismissed the charges before sentencing, presumably because of its inability factually to prove its case.

For the foregoing reasons, we REVERSE the denial of the § 2255 motion, and we REMAND for resentencing.