IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 2, 2008

Charles R. Fulbruge III
Clerk

No. 07-10996
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RICKY LYNN COLE

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:05-CR-27-ALL

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ricky Lynn Cole appeals the total 365-month term of imprisonment imposed on resentencing following his jury trial conviction on 107 counts of interstate transportation of child pornography, distribution of child obscenity, transportation of obscene matter, and aiding and abetting. Cole argues that his sentence is unreasonable in the light of the 18 U.S.C. § 3553(a) factors. He argues that the sentence is greater than necessary to achieve the sentencing goals of § 3553(a). He argues that his criminal history, his excellent

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

relationships with family members, and his employment history are factors weighing against the imposition of the 365-month term of imprisonment. He also argues that the district court improperly accorded more weight to the Guidelines than to the other § 3553(a) factors.

When reviewing a sentence, this court typically applies an abuse of discretion standard in considering whether the district court committed procedural error at sentencing and whether the sentence imposed is substantively reasonable. See Gall v. United States, 128 S. Ct. 586, 597 (2007). However, because Cole failed to raise these specific arguments in the district court, review of his sentence is for plain error. See United States v. Peltier, 505 F.3d 389, 390-93 (5th Cir. 2007), petition for cert. filed (Jan. 22, 2008) (No. 07-8978); see also United States v. Hernandez-Martinez, 485 F.3d 270, 272-73 (5th Cir.) (revocation context), cert. denied, 128 S. Ct. 325 (2007).

Cole does not argue that the district court improperly calculated the applicable guideline range. As Cole concedes, his sentence is entitled to a presumption of reasonableness. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006); see also Rita v. United States, 127 S. Ct. 2456, 2462 (2007). The district court stated that it considered the factors in § 3553(a) in imposing sentence, and that a lengthy explanation of the sentence was not required. See Rita, 127 S. Ct. at 2468.

Cole's appellate argument is, in essence, that this court should reweigh the § 3553(a) factors. That an appellate court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Gall, 128 S. Ct. at 597. Cole has not shown that the sentence imposed by the district court constituted error, plain or otherwise. See Gall, 128 S. Ct. at 597; United States v. Nikonova, 480 F.3d 371, 376 (5th Cir.), cert. denied, 128 S. Ct. 163 (2007). The judgment of the district court is affirmed.

AFFIRMED.