# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-30558
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DANNY DANIELS,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:

Danny Daniels, federal prisoner # 29395-179, seeks relief under 28 U.S.C. § 2255. The district court denied Daniels's collateral attack, but this court granted a certificate of appealability (COA) on the limited issue "whether he should be resentenced because one of the offenses upon which his career offender status was based has been invalidated."[1] We now affirm, holding that Daniels should not be resentenced.

---

[1] We have jurisdiction to address only the issue specified in the COA. To the extent that Daniels raises other issues, we do not address them. *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

I. Background

In 2004, Daniels pleaded guilty to conspiring to possess with intent to distribute more than 100 kilograms of marijuana. At sentencing, the district court found Daniels to be a career offender, which enhanced Daniels's sentence by about a decade. All told, the district court sentenced Daniels to 235 months in prison.[2]

Under the sentencing guidelines, the defendant is a career offender if he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense."[3] A prior felony conviction "means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and *regardless of the actual sentence imposed*."[4] This court has held that guilty pleas resulting in deferred adjudications and other diversionary dispositions count toward the career-offender total.[5] Our rule derives from the plain text of the sentencing guidelines, which states: "A diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted . . . even if a conviction is

---

[2]*See United States v. Washington*, 480 F.3d 309, 314-15 (5th Cir. 2007) (describing Daniels's case in the context of his direct appeal).

[3]U.S. SENTENCING GUIDELINES MANUAL § 4B1.1(a). Daniels was sentenced under the 2003 version of the guidelines.

[4]U.S. SENTENCING GUIDELINES MANUAL § 4B1.2 cmt. n.1 (emphasis added).

[5]*See United States v. Joshua*, 305 F.3d 352, 352-53 (5th Cir. 2002).

not formally entered . . . ."[6] The deferred adjudication must "involve[] a judicial determination of guilt or an admission of guilt in open court," thus reflecting "a policy that defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency."[7]

As one of his two prior convictions, the district court counted Daniels's deferred adjudication from Texas in 2003 for aggravated assault with a deadly weapon. Daniels pleaded guilty to the charge but received community supervision. There is no question that at the time it imposed sentence in 2005 that the district court lawfully included this diversionary disposition in its career-offender calculation.

In 2006, though, the Texas court dismissed the aggravated assault charge at the conclusion of Daniels's three-year term of community supervision. Daniels now claims that he is entitled to resentencing on the federal conviction, because one of the two crimes underlying his career-offender status has been dismissed. Because § 2255 relief may be "appropriate when a state conviction that formed the basis of career offender status is invalidated after the federal sentencing," we proceed to the merits.[8] "In the context of 28 U.S.C. § 2255, this

---

[6]U.S. SENTENCING GUIDELINES MANUAL § 4A1.2(f); *see* U.S. SENTENCING GUIDELINES MANUAL § 4B1.2 cmt. n.3 ("The provisions of § 4A1.2 (Definitions and Instructions for Computing Criminal History) are applicable to the counting of convictions under § 4B1.1.").

[7]U.S. SENTENCING GUIDELINES MANUAL § 4A1.2 cmt. n.9.

[8]*United States v. Nichols*, 30 F.3d 35, 36 (5th Cir. 1994).

court reviews a district court's factual findings for clear error and its legal conclusions de novo."[9]

## II. Analysis

Although we have never decided the precise issue presented in this case, we have in a different case foreshadowed the outcome here, noting: "[A case] in which a defendant received a diversionary disposition, such as deferred adjudication or assignment to a substance abuse program, and after the defendant completed the diversionary disposition the underlying offense was dismissed . . . [remains] a valid basis for a career offender designation."[10] That persuasive authority guides us here.

The rule, of course, is not unequivocal. Indeed, "[s]entences resulting from convictions that . . . have been reversed or vacated because of errors of law or because of subsequently discovered evidence exonerating the defendant, or . . . have been ruled constitutionally invalid in a prior case are not to be counted."[11] Daniels, however, has not shown that the Texas court dismissed his assault charge for an error of law or for newly found exonerating evidence. To the contrary, and as the district court noted, the Texas court seems to have dismissed the charge because Daniels's term of community supervision came to a close and Texas law requires judges in those situations to dismiss the

---

[9]*United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008).

[10]*United States v. Santana*, 220 F. App'x 283, 286 (5th Cir. 2007) (unpublished).

[11]U.S. SENTENCING GUIDELINES MANUAL § 4A1.2 cmt. n.6.

indictment underlying the deferred adjudication: "On expiration of a community supervision period . . . if the judge has not proceeded to adjudication of guilt, the judge shall dismiss the proceedings against the defendant and discharge him."[12]

Ultimately, Daniels pleaded guilty in Texas court to aggravated assault with a deadly weapon, for which he received deferred adjudication. This deferred adjudication was dismissed almost as a matter of course – and for reasons having nothing to do with "innocence or errors of law."[13] Daniels presents no evidence to the contrary. The law thus requires that Daniels – a recidivist offender – may not doubly benefit from the fortune of a lenient disposition in the Texas courts – a disposition subsequent to which he committed a serious federal crime. Notwithstanding its procedural dismissal, his Texas guilty plea may count toward Daniels's status as a career offender under the sentencing guidelines.

AFFIRMED.

---

[12] TEX. CODE CRIM. PROC. art. 42.12.5(c). We further note that under Texas law, "upon conviction of a subsequent offense, the fact that the defendant had previously received community supervision with a deferred adjudication of guilt shall be admissible before the court or jury to be considered on the issue of penalty." TEX. CODE CRIM. PROC. art. 42.12.5(c)(1).

[13] See U.S. SENTENCING GUIDELINES MANUAL § 4A1.2 cmt. n.10 ("A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, e.g., in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are to be counted.").