# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 1, 2010

Lyle W. Cayce
Clerk

No. 08-41284
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LEE ANTHONY FISHER,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:95-CR-141-ALL

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges

PER CURIAM:[*]

Lee Anthony Fisher, federal prisoner # 19177-009, appeals the denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  In 1995, a jury convicted Fisher of possession with intent to distribute crack cocaine and possession of a firearm by a felon.  Based on Fisher's prior convictions for drug trafficking and aggravated assault, the district court concluded that Fisher was a career offender within the meaning of § 4B1.1 of the United States Sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guidelines and sentenced him to 300 months in prison. Fisher raises three challenges to his sentence in this § 3582(c)(2) proceeding. None has merit.

First, Fisher contends that the district court erred by refusing to reduce his sentence in light of Amendments 706, 711, and 715 to the Sentencing Guidelines. These amendments reduced the base offense levels for crack-cocaine offenses. *United States v. Burns*, 526 F.3d 852, 861 (5th Cir. 2008). The Sentencing Commission made these amendments retroactive. *Id.* "Section 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission." *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997) (per curiam). In other words, a defendant is eligible for a sentence reduction under § 3582(c)(2) only if an amendment has lowered the Guideline range applicable to the defendant. *See* U.S. SENTENCING GUIDELINES MANUAL § 1B.1.10 cmt. n.1 (2009). The 2007 and 2008 "crack cocaine guideline amendments do not apply to prisoners sentenced as career offenders" under § 4B1.1 of the Guidelines. *United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009) (per curiam). Therefore, the district court did not err in denying Fisher's motion to have his sentence reduced under § 3582(c)(2).

Next, Fisher argues that even if none of the amendments listed in Guidelines § 1B.10(c) explicitly authorizes a reduction in his sentence, the district court nonetheless should have exercised its discretion under *United States v. Booker*, 543 U.S. 220 (2005), to reduce his sentence based on the factors enumerated in 18 U.S.C. § 3553(a). However, "*Booker* does not alter the mandatory character of Guideline § 1B1.10's limitations on sentence reductions." *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir.) (per curiam), *cert. denied*, 130 S. Ct. 517 (2009); *see also Dillon v. United States*, 130 S. Ct. 2683, 2692 (2010) ("Given the limited scope and purpose of § 3582(c)(2), we conclude that

proceedings under that section do not implicate the interests identified in *Booker*."). Under Guideline § 1B1.10(a)(2)(A), "[a] reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [n]one of the amendments listed in subsection (c) is applicable to the defendant." Fisher has not identified any amendment listed in Guideline § 1B1.10(c) that is applicable to him. As a result, the district court was not authorized to reduce his sentence under § 3582(c)(2).

Finally, Fisher asserts that he should not have been sentenced as a career offender because one of his prior offenses was a deferred adjudication. But "[a] § 3582(c)(2) motion is not a second opportunity" to challenge "the appropriateness of the original sentence." *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). And even if it were, an offense resolved via deferred adjudication may count toward a defendant's status as a career offender under § 4B1.1 of the Guidelines where, as here, the defendant pled guilty to the offense. *See United States v. Daniels*, 588 F.3d 835, 838 (5th Cir. 2009) (per curiam), *cert. denied*, 130 S. Ct. 2424 (2010).

The Government has moved for summary affirmance. The motion is GRANTED, and the judgment of the district court is AFFIRMED. The Government's motion for an extension of time in which to file a brief is DENIED as moot.