# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 7, 2011

No. 09-40965

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DELFINO RAMOS,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 2:03-CR-387-2

Before GARWOOD, SMITH, and STEWART, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Delfino Ramos pleaded guilty of conspiracy to launder the proceeds of the distribution of controlled substances. He filed a motion to vacate the judgment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-40965

of conviction pursuant to 28 U.S.C. § 2255, alleging, *inter alia*, that his counsel was ineffective for allowing him to enter a guilty plea because (1) the conduct that he had admitted would not constitute money laundering in light of *United States v. Santos*, 553 U.S. 507 (2008), and (2) his counsel should have anticipated the arguments made in *Santos* when advising Ramos to plead guilty. The district court denied all of Ramos's claims under § 2255 but issued a limited certificate of appealability ("COA") as to the ineffective-assistance claim.

The federal money-laundering statute, 18 U.S.C. § 1956, prohibits several activities involving criminal "proceeds." In *Santos*, the Court considered whether "proceeds" in that statute means "receipts" or "profits." Justice Stevens stated in his controlling concurrence that the definition of "proceeds" depends on the underlying criminal activity and must be determined via a bifurcated analysis. *Garland v. Roy*, 615 F.3d 391, 401 (5th Cir. 2010).[1]

> First, a court must determine whether . . . the defendant would face the "merger problem" [which occurs when the statute criminalizing the underlying activity merges with the money-laundering statute]. If so, then . . . the rule of lenity governs and "proceeds" must be defined as "profits"; and the court need not proceed to the second step of Justice Stevens' analysis. However, if, instead, there is no "merger problem," Justice Stevens' analysis . . . directs that a court must look to the legislative history of the money-laundering statute to determine how to define "proceeds." A court does so with the default presumption that "proceeds" should be defined as "gross receipts," unless the legislative history affirmatively supports interpreting "proceeds" to mean "profits."

*Id.* (citations omitted). Ramos argues that under *Santos*, the evidence was insufficient to support his conviction for money laundering because the government did not prove that the charged financial transactions were conducted with the

---

[1] The government urges us to read *Santos* as holding that "proceeds" means "profits" only when the predicate offense is the operation of an illegal gambling business and thus that *Santos* is not applicable to other illegal activity, such as drug trafficking. In *Garland*, however, 615 F.3d at 403, we expressly rejected that interpretation.

No. 09-40965

"profits" rather than the "gross receipts" of the drug sales.

Ramos, however, has not shown that the merger problem would occur with regard to drug trafficking, nor has he pointed to legislative history that supports interpreting "proceeds" to mean "profits." The government therefore was not required to prove that the laundered money constituted "profits" rather than "gross receipts," so we affirm.[2]  We decline to address the other issues Ramos raises in his brief, because they were not specified in the COA.  *See United States v. Daniels*, 588 F.3d 835, 836 n.1 (5th Cir. 2009).

AFFIRMED.

---

[2] In *United States v. Huynh*, No. 09-20762, 2011 WL 989825 (5th Cir. Mar. 22, 2011) (per curiam) (unpublished), we reached the same conclusion but relied on what we believed to be the controlling opinion, Justice Stevens's concurrence, which stated that "[a]s Justice Alito rightly argued, the legislative history of § 1956 makes it clear that Congress intended the term 'proceeds' to include gross revenues from the sale of contraband." *Id.* at *7 (citing *Santos*, 553 U.S. at 525-26 (Stevens, J., concurring)).  Although Justice Stevens's concurrence was controlling, *see Garland*, 615 F.3d at 399, that statement was *dictum*, because the underlying criminal activity in *Santos* was an illegal lottery, not drug trafficking.  Further, as the plurality opinion in *Santos* pointed out, 553 U.S. at 522 n.8, Justice Alito did not actually "cite legislative history addressing the meaning of the word 'proceeds' in cases specifically involving contraband."  But because Ramos has not addressed the merger problem or relevant legislative history, and we operate under the presumption that "proceeds" means "gross receipts," we decline to address whether the merger problem might arise in drug trafficking cases.