# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 3, 2012

Lyle W. Cayce
Clerk

No. 11-20793
Summary Calendar

STEVE O'NEAL GREEN,

                                        Petitioner–Appellant,

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

                                        Respondent–Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-2557

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Steve O'Neal Green, Texas prisoner # 1436873, was convicted in Texas state court of injuring a child. He has filed a motion for a certificate of appealability (COA) to appeal the dismissal of a 28 U.S.C. § 2254 application that he filed challenging his conviction and revocation sentence, the denial of a motion for the appointment of counsel that he filed after his § 2254 application had been dismissed, and the dismissal of several post-judgment motions treated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as filed pursuant to Federal Rule of Civil Procedure 60(b).  With his motion for a COA, Green has filed a motion for leave to file a supplemental brief in support of his request for a COA and an incorporated request for authorization from this court to file a successive § 2254 application, a nunc pro tunc motion for evidence favorable to the defendant, a motion for the appointment of an expert, a motion for an evidentiary hearing, and a motion for the appointment of counsel.  These additional motions are denied.

To obtain a COA, Green must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  When, as in this case, a district court has denied federal habeas relief on procedural grounds, the applicant must demonstrate that reasonable jurists would find it debatable whether the § 2254 application states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling.  *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000).  An applicant satisfies the COA standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327.

Green has not shown that his claims challenging the district court's final judgment dismissing his § 2254 application deserve encouragement to proceed further.  *See Miller-El*, 537 U.S. at 327.  His motion for a COA to appeal the decision is denied.

Green does not challenge the district court's dismissal of his two post-judgment motions for favorable evidence and three post-judgment motions for leave to file a memorandum as unauthorized successive § 2254 applications.  Accordingly, he has abandoned any request for a COA to appeal those decisions.  *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

Green is not required to obtain a COA to appeal the district court's order denying his post-judgment motion for the appointment of counsel.  *See Harbison*

*v. Bell*, 556 U.S. 180, 183 (2009).  However, he has not shown that the district court abused its discretion in denying his request.  *Cf. United States v. Nichols*, 30 F.3d 35, 36 (5th Cir. 1994).  The district court's denial of that motion is affirmed.  Green's motion for a COA to appeal the decision is denied.

APPEAL AFFIRMED; MOTIONS DENIED.