# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 15, 2013

Lyle W. Cayce
Clerk

No. 12-10149
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICKY LYNN COLE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:09-CV-186

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Ricky Lynn Cole, federal prisoner # 31788-177, was convicted of 107 counts of interstate transportation of child pornography, distribution of child obscenity, transportation of obscene matter, and aiding and abetting and was sentenced to a total 365-month term of imprisonment. On direct appeal, this court vacated and remanded for clarification of the sentence, and on remand, the district court reimposed the original 365-month

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence, amending the judgment by removing the double terms of imprisonment originally imposed on count 98.  This court affirmed.  *United States v. Cole*, 281 F. App'x 277, 278 (5th Cir. 2008).  Cole then filed a motion under 28 U.S.C. § 2255 seeking to vacate his conviction and sentence on various grounds, including ineffective assistance of counsel.  The district court denied the motion and denied a certificate of appealability (COA).  A judge of this court granted Cole a COA only on the issue whether the district court abused its discretion by denying, without conducting an evidentiary hearing, Cole's claim that trial counsel rendered ineffective assistance in failing to object in the trial court to substantial government interference with defense witness Tina Cox-Cole.

In addition to arguing the issue upon which COA was granted, Cole asserts in his appellate brief that the Government engaged in misconduct with respect to other witnesses and that his trial counsel was ineffective in failing to object in the trial court to government interference with witnesses besides Cox-Cole.  We have jurisdiction to address only the issue specified in the order granting Cole a COA.  *See United States v. Daniels*, 588 F.3d 835, 836 n.1 (5th Cir. 2009).  Thus, to the extent that Cole raises other issues, we do not address them.  *See id.*

In an appeal from the denial of a § 2255 motion, we review a district court's factual findings for clear error and its legal conclusions de novo.  *United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008).  We review the district court's decision not to grant an evidentiary hearing for abuse of discretion.  *Id.*; *see also United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).  The district court should conduct an evidentiary hearing only if the defendant produces "independent indicia of the likely merit of [his] allegations."  *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (internal quotation marks

and citation omitted). "Once such independent evidence is presented, '[a] motion brought under . . . § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief.'" *Cavitt*, 550 F.3d at 442 (quoting *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992)); *see* § 2255(b).

The district court denied Cole's claim that trial counsel was ineffective in failing to object to prosecutorial misconduct on the ground that Cole had failed to demonstrate any misconduct by the Government warranting an objection by trial counsel. Speculative allegations or conclusional assertions do not entitle a defendant to an evidentiary hearing. *See*, *e.g.*, *Edwards*, 442 F.3d at 264; *United States v. Auten*, 632 F.2d 478, 480 (5th Cir. 1980). By contrast, Cole's allegations are not speculative or unsupported by evidence but are supported by the affidavits of Cox-Cole and Lesley Androes. *See, e.g., United States v. Whittington*, 783 F.2d 1210, 1219 (5th Cir. 1986); *United States v. Hammond*, 598 F.2d 1008, 1012-13 (5th Cir. 1979). The record does not contain any "sworn record testimony from counsel explaining the strategy behind his decision" not to raise the issue of substantial interference with Cox-Cole in the trial court or addressing whether counsel considered raising the issue. *Cavitt*, 550 F.3d at 441; *see Strickland v. Washington*, 466 U.S. 668, 687 (1984). Based on the information known to counsel at the time of trial, the decision not to raise the issue of substantial government interference with Cox-Cole may well have been a reasonable one, but without additional evidence, we cannot say that "the motion and the files and records of the case conclusively show that [Cole] is entitled to no relief." § 2255(b); *see also Cavitt*, 550 F.3d at 442.

Accordingly, we VACATE the district court's order dismissing Cole's § 2255 motion only with respect to Cole's claim that counsel was ineffective in failing to object in the trial court to substantial government interference with

Tina Cox-Cole and REMAND the case to the district court for further proceedings, to include an evidentiary hearing. We express no view on the merits of Cole's claim.

VACATED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.