# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————

No. 15-20445
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

April 27, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TORI ELYSE ALDRIDGE,

Defendant-Appellant

Cons. w/ No. 15-20446

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VINCENT WALLACE ALDRIDGE,

Defendant-Appellant

————————————

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-3609
USDC No. 4:10-CR-185-2
USDC No. 4:14-CV-3221
USDC No. 4:10-CR-185-1

————————————

No. 15-20445
c/w No. 15-20446

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

The appellants, Tori Elyse Aldridge and Vincent Wallace Aldridge, were convicted of one count of conspiracy to commit mail and wire fraud; eleven counts of aiding and abetting wire fraud; one count of conspiracy to engage in monetary transactions in criminally derived property; and six counts of aiding and abetting engaging in monetary transactions in criminally derived property. They appeal from the denial of their motions under 28 U.S.C. § 2255.

A judge of this court granted the appellants a certificate of appealability (COA) on the issue of "whether the district court erred in rejecting the claim that counsel rendered ineffective assistance under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), by failing to object to venue in the Southern District of Texas as to the 18 U.S.C. § 1343 wire fraud charges." Although the appellants discuss numerous issues in their briefs, we address only those arguments related to the issue specified in the COA. *See United States v. Daniels*, 588 F.3d 835, 836 n.1 (5th Cir. 2009).

The appellants do not contest the district court's finding that "there is ample evidence that [they] orchestrated the [relevant] wire transmissions from the Southern District of Texas." Rather, they contend that the relevant wire transmissions did not originate, travel through, or end in that district and that without proof that those communications "breached" the Southern District of Texas, venue in that district was improper. The appellants argue that their respective counsel rendered constitutionally deficient performance in failing to challenge venue in the Southern District of Texas on this basis, and they assert

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that they would have been acquitted of the wire fraud charges if venue had been challenged.

To prevail on their claims of ineffective assistance of counsel the appellants must show (1) that the performance of counsel was deficient and (2) that the deficient performance prejudiced the defense. *See Strickland*, 466 U.S. at 687. They fail to make the requisite showing as to the first prong of this inquiry. Different opinions by this court have reached different conclusions as to whether venue for § 1343 offenses is proper only in districts where a wire communication began, continued, or was completed, or whether such venue is also proper in districts where the communication was orchestrated. *Compare, e.g.*, *Boruff v. United States*, 310 F.2d 918, 923 (5th Cir. 1962) (venue improper in district through which no interstate communication traveled, notwithstanding that other, related activity took place in that district), *with, e.g.*, *United States v. Harbolt*, 426 F.2d 1346, 1347 (5th Cir. 1970) (venue proper in district through which no interstate communication traveled because other, related activity took place in that district). Given the unclear state of the law in this circuit, the appellants have not shown that counsel rendered ineffective assistance in failing to challenge venue in the Southern District of Texas. *See Sharp v. Johnson*, 107 F.3d 282, 288 n.19 (5th Cir. 1997) (counsel's performance not deficient in "fail[ing] to comply with legal mandates which are uncertain, vague, or undecided at the time of the allegedly deficient conduct").

The judgment of the district court is AFFIRMED.