# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 10, 2023

Lyle W. Cayce
Clerk

No. 22-40044

United States of America,

*Plaintiff—Appellee*,

*versus*

Hugo Alfredo Diaz,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:07-CR-143-1

Before Stewart, Dennis, and Southwick, *Circuit Judges*.
Per Curiam:*

Hugo Alfredo Diaz was sentenced to 30 years' imprisonment after a jury convicted him of various drug and money laundering crimes that took place within a larger criminal conspiracy. Several years later, Diaz moved for and received a sentence reduction. He subsequently moved for a second sentence reduction, compassionate release, and appointment of counsel. The district court denied all three motions and this appeal ensued. Because Diaz

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40044

is ineligible for a second sentence reduction and the district court did not abuse its discretion in denying his motions for compassionate release and appointment of counsel, we AFFIRM.

## I. FACTUAL & PROCEDURAL BACKGROUND

In 2009, Diaz was sentenced to 360 months' imprisonment, following his jury trial convictions for conspiracy to possess with intent to distribute more than five kilograms of cocaine, two counts of possession with intent to distribute more than five kilograms of cocaine, and conspiracy to engage in money laundering. This court affirmed his convictions and sentence on appeal. *United States v. Diaz*, 420 F. App'x 456, 458 (5th Cir. 2011) (per curiam) (unpublished). The district court later reduced his term of imprisonment to 292 months pursuant to Amendment 782 to the Sentencing Guidelines.

In July 2019, pursuant to § 404 of the First Step Act ("FSA") of 2018, Diaz moved for a second sentence reduction. Then in January 2021, he moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), due to the COVID-19 pandemic, his underlying health conditions, and his "unusually long sentence." In August 2021, he moved for an appointment of counsel to assist with his motions.

The district court denied all three motions on January 6, 2022. With respect to Diaz's motion for a sentence reduction pursuant to the FSA, the district court stated that it had already reduced his sentence in 2017 from 360 months to 292 months and he had therefore already received the maximum reduction that he was permitted. As to his motion for compassionate release, the district court denied it on grounds that the COVID-19 pandemic did not warrant release from confinement in light of the development of vaccines and treatment options that had become available. In issuing its ruling, the district court noted that it had considered the 18 U.S.C. § 3553(a) factors and that all

2

of Diaz's other grounds for release were meritless. It also denied his motion for appointment of counsel. Diaz appealed.

## II. STANDARD OF REVIEW

We review the denial of a sentence reduction pursuant to the FSA for abuse of discretion. *United States v. Robinson*, 980 F.3d 454, 458 (5th Cir. 2020). Likewise, we review denials of § 3582(c)(1)(A)(i) compassionate release motions and motions to appoint counsel for abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (§ 3582 motion); *United States v. Nichols*, 30 F.3d 35, 36 (5th Cir. 1994) (appointment of counsel).

## III. DISCUSSION

### A. Second Motion for Sentence Reduction

On appeal, Diaz first argues that the district court abused its discretion in denying his motion for a second sentence reduction. His argument, however, is without merit. Under § 404 of the FSA, a defendant who was "convicted and sentenced for certain offenses involving cocaine base ('crack')," before the effective date of the Fair Sentencing Act of 2010, may be "resentenced as if the reduced statutory minimum penalties implemented by the Fair Sentencing Act were in place at the time the offenses were committed." *Robinson*, 980 F.3d at 456. Because Diaz was convicted of a cocaine offense, however, and not an offense involving cocaine base or crack, he is ineligible for resentencing under the FSA. *Id.*; *see also United States v. Urbina*, 809 F. App'x 247, 247–48 (5th Cir. 2020) (per curiam) (unpublished) (holding that a defendant convicted of a cocaine offense is ineligible for relief under the FSA). Although the record reflects that the district court's order mistakenly states that Diaz's sentence was previously reduced once pursuant to § 404 of the FSA (as opposed to Amendment 782), Diaz is nevertheless ineligible for relief under the FSA. *Id.* Consequently, he

cannot make the required showing that the district court abused its discretion in denying him relief for which he is statutorily ineligible. *See Robinson*, 980 F.3d at 459 ("It is the defendant's burden to 'show that the trial judge's action amounted to an . . . abuse of discretion.'"). Accordingly, we hold that the district court did not abuse its discretion in denying Diaz's motion for a sentence reduction under the FSA. *Id*.

### B. Motion for Compassionate Release

Diaz next argues that he has shown extraordinary and compelling reasons for compassionate release because he is 68 years old, has several medical conditions that put him at high risk of dying if he contracts COVID-19, has a minimum risk of recidivism, has served more than 60 percent of his sentence, has exhibited excellent conduct in prison, and does not have a history of violence. Diaz further avers that the district court did not provide an adequate explanation for denying his motion on the merits. We disagree.

Section 3582(c)(1)(A)(i) allows a district court to reduce a defendant's sentence if, after considering any relevant § 3553(a) factors, it determines that "extraordinary and compelling reasons warrant such a reduction" and "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(1)(A)(i). The policy statement applicable to § 3582(c)(1)(A)(i), U.S.S.G. § 1B1.13, does not apply where, as here, the motion for compassionate release is filed by a prisoner. *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021). As a result, when addressing a prisoner-filed motion, a district court need only consider the extraordinary circumstances requirement of § 3582(c)(1)(A)(i), and the § 3553(a) sentencing factors. *Id*. at 393.

The record reflects that Diaz asserted before the district court that he has hypertension, high cholesterol, kidney failure, "prostate complications," and poor blood circulation. While the district court did not directly address

No. 22-40044

Diaz's medical conditions, it reasoned that the COVID-19 pandemic did not warrant his release from confinement because of the availability of vaccines and treatment options. It also observed that the Bureau of Prisons had administered approximately 279,000 doses of the COVID-19 vaccine and was continuing to vaccinate federal inmates at the time of its denial order. *Id.*

As we have recently explained, even where an inmate has chronic illnesses that place him at a higher risk of severe symptoms, "[f]ear of COVID doesn't automatically entitle a prisoner to release." *United States v. Thompson*, 984 F.3d 431, 435 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021). Moreover, prisoners that are successful in obtaining early release based on the COVID-19 pandemic have generally "already served the lion's share of their sentences and presented multiple, severe, health concerns." *Id.* at 434-35. Here, Diaz's original 30-year sentence has already been reduced by more than 5 years and he has served only 14 years of his 24-year reduced sentence. Had Diaz not received that 5-year reduction, he would have served less than half of his sentence at the time he moved for a second sentence reduction. Even with the reduction, Diaz still has a decade left and thus, has not served the "lion's share" of his reduced sentence. *Id.* at 434. Additionally, although he alleges that he suffers from kidney failure,[1] we agree with the district court that the availability of COVID-19 vaccines and treatment options decreases the risks associated with his condition.

We are also unpersuaded by Diaz's argument that the district court failed to adequately consider the § 3553(a) factors or explain why they weighed against granting his compassionate release motion. The district court judge that denied Diaz's motion is the same judge who presided over his trial and sentencing. At sentencing, the court stated that it had considered

---

[1] Diaz's medical records are not included in the record on appeal.

the § 3553(a) factors but did not otherwise discuss them. The court did, however, adopt the PSR which states that Diaz was held accountable for approximately 290 kilograms of cocaine, assisted in money laundering nearly a million dollars, had a managerial or supervisory role in the underlying conspiracy offense, and had a prior state conviction for money laundering. Based on these details in the PSR, we can infer that the district court determined that the seriousness of Diaz's offense weighed against granting compassionate release. *See United States v. Perales*, No. 21-10611, 2022 WL 1978700, at *2 (5th Cir. June 6, 2022) (per curiam) (unpublished) ("[A]lthough the district court's order does not detail the factual reasons for denying [the defendant's] motion for compassionate release, the rationale for the court's decision is adequately inferable when the order is considered together with the record from [the defendant's] original sentencing record, particularly including the PSR and the sentencing hearing transcript."); *see also United States v. Gallegos*, No. 21-50814, 2022 WL 2752601, at *1 (5th Cir. July 14, 2022) (per curiam) (unpublished) (holding district court did not abuse its discretion in denying a compassionate release motion when it "stated that it took into account the relevant § 3553(a) factors and the applicable policy statements before finding that a sentence reduction was not warranted").

For these reasons, we hold that the district court did not abuse its discretion in denying Diaz's compassionate release motion. *See Chambliss*, 948 F.3d at 693.

### C. Motion for Appointment of Counsel

Finally, Diaz argues that the district court erred in denying his motion for the appointment of counsel. Again, we disagree. In *United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008), this court concluded that even if a § 3582(c)(2) proceeding was collateral to the original criminal case, the

decision to appoint counsel is discretionary "in the interest of justice." *Id.* We have since applied the interest-of-justice standard to deny pro se motions for the appointment of counsel on appeal from the denial of a § 3582(c)(1)(A) motion for compassionate release. *See United States v. Chehab*, No. 20-10855, 2021 WL 5313619, at *2 (5th Cir. Nov. 15, 2021) (per curiam) (unpublished) ("[T]he interest of justice does not require the appointment of counsel here."); *United States v. Okpalobi*, 831 F. App'x 715, 716-17 (5th Cir. 2020) (per curiam) (unpblished) ("[Defendant]'s motion to appoint counsel is denied because the interest of justice does not require the appointment of counsel here." (citation omitted)). The compassionate release arguments at issue here are not factually complicated and Diaz has adequately presented them to the district court. In other words, the "interest of justice" does not require the appointment of counsel in this case. Accordingly, we conclude that the district court did not abuse its discretion in denying Diaz's motion for appointment of counsel. *See Nichols*, 30 F.3d at 36.

## IV. Conclusion

For the foregoing reasons, we AFFIRM the district court's order denying Diaz's motions for a reduced sentence, compassionate release, and appointment of counsel.

AFFIRMED.